UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: ENVIRONMENTAL SAFETY &            CIVIL CASE
HEALTH CONSULTING SERVICES, INC.

No. 11-588

SECTION I/5

## ORDER

Before the Court is a motion to dismiss or, alternatively, a motion for summary judgment filed by claimant, Avery Diaz ("Diaz").[1] Petitioner, Environmental Safety & Health Consulting Services, Inc. ("ES&H") opposes the motion. For the following reasons, claimant's motion is **GRANTED**.

### *BACKGROUND*

On March 14, 2011, ES&H filed a limitation of liability action in this Court pursuant to 46 U.S.C. § 30501. Underlying this limitation action is an accident that allegedly occurred on August 25, 2008 when Diaz, an employee of Team Labor Force, was allegedly injured while working aboard a 16 foot Alweld boat bearing Louisiana registration number "LA-8174-EW" ("the Alweld boat").

---

[1] Diaz styled his motion as a motion to dismiss or, alternatively, a motion for summary judgment. Because the Court has looked at materials outside of the pleadings, i.e. ES&H's receipt of service and ES&H's verification of value declaration, the Court construes Diaz's motion as a motion for summary judgment.

To the extent that Diaz is moving for summary judgment, petitioner argues that the motion is procedurally improper because the "standing orders" of this section of the Court require the parties to attend a status conference before filing a motion for summary judgment. While it is true that this section of the Court does requires parties to attend a summary judgment conference, the order requiring such is contained in the Court's scheduling order. Because no answer has been filed in this case, no scheduling order has been entered into the record. Accordingly, Diaz was not required to schedule a status conference before filing his motion for summary judgment.

As the parties agree, Diaz commenced the underlying state court action on July 19, 2010 and ES&H was served with process on August 4, 2010. In the state court petition, Diaz sued only ES&H. Diaz alleged that his employer, Team Labor Force, was operating as a subcontractor for ES&H while cleaning up an oil spill in the Mississippi River. The state court petition states that Diaz was "assigned to work in a small, unnamed boat and to perform various duties on said vessel in the abatement of the spill."[2]

By filing this limitation action, petitioner concedes that the "small, unnamed boat" is the Alweld boat referenced above. Although the petition does not explicitly state that ES&H owned the "small, unmanned boat," in a declaration submitted to the Court under penalty of perjury by Mitch LeCompte ("LeCompte"), ES&H's chief financial officer, LeCompte admits that the Alweld boat was purchased by ES&H on December 23, 1997 for $1,490. Diaz moves to dismiss ES&H's limitation action on the ground that such action was filed in an untimely manner.

## LAW AND ANALYSIS

A civil action for limitation of liability "must be brought within six months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). The parties do not dispute that more than six months passed between the time ES&H was served with Diaz's state-court petition and the filing of ES&H's limitation action. Accordingly, The issue before the Court is whether the Diaz's state-court petition provided sufficient "notice of a claim" to ES&H under 46 U.S.C. § 30511(a).

As the United States Court of Appeals for the Eleventh Circuit has stated:

> The Limitation of Liability Act does not define "written notice of claim." As noted by the district court, "[m]ost of the published cases concerning the timeliness of limitation complaints address the information that must

---

[2] R. Doc. No. 9-2, pg. 1.

> be provided in a 'written notice.' " *In re Complaint of P.G. Charter Boats, Inc.,* 385 F.Supp.2d 1243, 1244 (S.D.Ala.2005). Courts have developed two similar tests to determine whether a writing contains all the information needed to constitute a "written notice of claim" under § 185. *Paradise Divers, Inc. v. Upmal,* 402 F.3d 1087, 1090 (11th Cir.2005). Under one test, notice is sufficient if "it informs the vessel owner of an actual or potential claim ... which may exceed the value of the vessel ... and is subject to limitation." *Id.* Under this test, the notice must "reveal a 'reasonable possibility' that the claim made is one subject to limitation." *Id.* (quoting *In re Complaint of McCarthy Bros. Co./Clark Bridge,* 83 F.3d 821, 829 (7th Cir.1996)). The second test requires that the writing: "(1) demand a right or supposed right; (2) blame the vessel owner for any damage or loss; and (3) call upon the vessel owner for anything due to the claimant." *Id.*

P.G. Charter Boats, Inc. v. Soles, 437 F.3d 1140, 1143 (5th Cir.). Courts in this Circuit uniformly follow the former approach which has been sanctioned by the United States Court of Appeals for the Fifth Circuit. See Complaint of Tom-Mac, Inc., 76 F.3d 678, 683 (5th Cir. 1996) (notice must reveal a "reasonable possibility" that the claim is subject to limitation.)

A written notice of claim "must inform the owner of both the 'details of the incident' and 'that the owner appeared to be responsible for the damage in question.' " In the Matter of Oceanic Fleet, Inc., 807 F.Supp. 1261, 1262 (E.D. La. 1992) (quoting Complaint of Okeanos Ocean Research Foundation, Inc., 704 F.Supp. 412, 415 (S.D.N.Y. 1989) (further citations omitted)). A sufficient notice must also "inform the owner of the claimant's intention to seek damages from the owner." Matter of The Specialty Marine Services, Inc., No. 98-2781, 1999 WL 147680, *1 (E.D. La. March 15, 1999) (citations omitted).

Boiled down to its essence, ES&H's argument is that because the state court petition did not explicitly state that ES&H was the owner of the "small, unnamed" boat discussed in the state court petition, ES&H never received notice of a claim and the sixth month period never began to

3

run.  Diaz argues that the state-court petition gave sufficient written notice to ES&H that Diaz's claim was subject to limitation.

ES&H does not direct the Court to any authority requiring that a vessel owner who is a defendant in a case that is subject to limitation must be explicitly notified that he is the owner of the vessel involved in the case before the six-month period begins to run.  Indeed, the United States Court of Appeals for the Fifth Circuit has observed that 46 U.S.C.A. § 30511 "does *not* require plaintiff to have identified the vessel in his underlying action."  Billiot v. Dolphin Services, 225 F.3d 525, 517 (5th Cir. 2000).  Diaz's state court petition makes clear that Diaz believed that ES&H was responsible for Diaz's alleged injuries.  Additionally, it is apparent from the face of Diaz's state court petition that Diaz seeks damages from ES&H.  Further, Diaz's state court petition indicates that the alleged accident occurred on a boat in the Mississippi River.  The Court concludes that ES&H was provided with sufficient notice on August 4, 2010 that Diaz's claim was subject to limitation.[3]  Because ES&H's limitation action was not filed until March 14, 2011, such action must be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that ES&H's limitation action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Diaz's motion for attorney's fees is **DENIED**.[4]

New Orleans, Louisiana, May __27th__, 2011.

 

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[3] The Court also notes that LeCompte's declaration unequivocally states that ES&H had owned the Alweld boat since 1999.

[4] Diaz provides no authority for the Court to award it attorney's fees.